|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-00493-RFB-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CLARK COUNTY, | ) | |
| | ) | (Docket No. 29) |
| Defendant(s). | ) | |
| | ) | |

Pending before the Court is Defendant's *ex parte* motion for extension of time to file a response to charging party's motion for leave to intervene.[1] Docket No. 29.  Defendant represents that "[a]ny adversarial motion practice at this point will likely upset the delicate settlement progress that County has diligently strived to achieve with the DOJ." *Id.*, at 4.  However, Defendant's counsel previously contacted Ms. Scupi's counsel in an attempt to stipulate to an extension of the deadline to respond to the motion to intervene, so Ms. Scupi's counsel is clearly aware of Defendant's desire to extend the deadline.  *Id.*, at 2.  Further, Defendant neglects to explain, and the Court fails to discern, how the instant motion constitutes adversarial motion practice.  Thus, the Court finds that no good cause exists to file the instant motion *ex parte*.

. . .

. . .

. . .

---

[1] Defendant previously filed the *ex parte* motion, in violation of the Local Rules, which the Court denied without prejudice.  Docket Nos. 27, 28.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall remove the *ex parte* designation from Defendant's motion (Docket No. 29) and electronically serve it on counsel for Plaintiff and counsel for Ms. Scupi.

**IT IS FURTHER ORDERED** that any response to Defendant's motion (Docket No. 29) shall be filed no later than November 18, 2014.

DATED: November 14, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge