VANITA GUPTA
Acting Assistant Attorney General

DELORA L. KENNEBREW
Chief

SHARYN A. TEJANI (DC Bar No. 456150)
Deputy Chief

ANTOINETTE BARKSDALE (DC Bar No. 433201)
Senior Trial Attorney
ROBERT L. GALBREATH (DC Bar No. 460398)
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
Patrick Henry Building, Room 4032
Washington, DC 20530
Telephone: (202) 307-0612
Facsimile: (202) 514-1005
Email: Antoinette.Barksdale@usdoj.gov

Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-CV-00493-RFB-NJK |
| Plaintiff, | **CONSENT DECREE** |
| vs. | |
| CLARK COUNTY, | |
| Defendant. | |

This action was brought by the United States against Clark County, Nevada ("Clark County" or the "County") to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended ("Title VII"). This Court has jurisdiction of the action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

In its Complaint, the United States alleges that the County discriminated against Therese Scupi ("Scupi") in violation of Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) ("Title VII") on the basis of her race, sex and retaliation. Specifically, the Complaint alleges that Ms. Scupi was subjected to compensation discrimination on the basis of her race and sex and retaliated against her for engaging in protected activity.

The County denies that it has discriminated and/or retaliated against Ms. Scupi. The United States and Clark County, desiring that this action be settled without the burden and risks of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. The parties also hereby waive, for purposes of entry of this Consent Decree ("Decree") only, hearings and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding between them with regard to the issues raised in the United States' Complaint in this case.

This Decree, being entered into with the consent of the United States and the County, shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the County or a finding of any wrongdoing or violation of any applicable federal law or regulation.

In resolution of this action, the parties hereby AGREE and the Court expressly APPROVES, ENTERS and ORDERS the following:

I.   **DEFINITIONS AND PARTIES**

1. The parties to this Decree are the United States of America and Clark County, Nevada.

2. The terms "Supervisor" and "Administrator" include all employees of Clark County who manage, supervise, or have authority to effectuate the hiring, firing, discipline, assignments, or pay rates of employees of the County, and all persons who establish policies or procedures that impact the County's equal employment opportunity policies or procedures.

3. "Day" or "days" refers to calendar and not business days unless otherwise noted.

4. "Date of entry of this Decree" refers to the date that the Court orders entry of

2.

the Decree.

## II. GENERAL STATEMENT OF TITLE VII COMPLIANCE

5. The County's policies prohibit wage disparity discrimination based upon race and sex, and prohibit unlawful retaliation. The County will not subject any employee of the County to wage disparity discrimination based on race and sex and will not retaliate against any employee for engaging in protected activity;

## III. DISSEMINATION OF POLICIES & PROCEDURES

6. Within sixty (60) days from the date of entry of this Decree, the County shall disseminate a copy of its discrimination and retaliation policies to its employees and obtain an acknowledgment that the employees have reviewed the County's discrimination and retaliation policies. The distribution of these policies shall include the following notice and instruction from the County:

> This is a reminder of Clark County's policy against illegal workplace discrimination. Federal law prohibits workplace discrimination against an employee because of the employee's race, color, religion, national origin, or sex. In other words, an employer is allowed to base and/or alter its relationship with its employees based upon many factors including, but not limited to, work experience, misconduct, personality fit, date of hire and/or longevity with the employer, and performance, but federal law prohibits disciplining or paying an employee a lower wage because of the employee's race, color, religion, national origin, or sex.
>
> Federal law also prohibits retaliating against an employee because the employee complained about alleged discrimination, filed a charge of discrimination, or participated in an employment discrimination investigation or lawsuit. Retaliation is defined as a materially adverse change in the terms and conditions of an employee's employment.
>
> The County is committed to have having a workplace environment free from unlawful discrimination. Please carefully read the County's equal opportunity employment policies. If you have any questions about the County's policy, or if you have any concerns regarding workplace discrimination, then please contact your supervisor or another member of management immediately.

## IV. TRAINING

7. Within one-hundred-twenty (120) days from the date of entry of this Decree, the County shall provide to the County's Supervisors and Administrators mandatory training regarding Title VII's prohibitions against discrimination based on race, sex and retaliation.

**8.** Within thirty (30) calendar days following the completion of the training required by Paragraph 7 above, the County shall make available to the United States copies of all training materials used, as well as written or electronic attendance records reflecting that the training has been completed and that the Supervisors and Administrators required to attend such training in accordance with Paragraph 7 in fact did so.

## V. INDIVIDUAL RELIEF FOR CHARLOTTE THERESE SCUPI

**9.** Without admitting the allegations of the United States as set forth in its complaint, and in settlement of the claims of the United States for relief on behalf of Ms. Scupi, the County and Ms. Scupi have executed a Settlement Agreement and General Release, wherein the County shall provide Ms. Scupi with the following monetary compensation in exchange for her separation from employment with the County:

    a.    $71,350 in back pay, less applicable withholdings;

    b.    an increased value of no less than $10,000 in the final cash out of Ms. Scupi's longevity, severance, and accrued and unused paid leave; and

    c.    $79,136 identified and characterized as compensatory damages.

The County will also, on Ms. Scupi's behalf, make the statutorily required contribution to the Public Employees' Retirement System of Nevada of approximately $16,995 associated with the back pay referenced above. Each payment described herein shall be made in accordance with the Settlement Agreement and General Release.

**10.** Ms. Scupi's final day of work with the County shall be December 19, 2014, after which Ms. Scupi will no longer have any authority, responsibility, and/or duties for the County. Ms. Scupi will be on paid administrative leave status from December 20, 2014 through January 9, 2015. Ms. Scupi shall retire from the County on January 9, 2015.

## VI. COMPLIANCE MONITORING

**11.** For a period of twenty-four (24) months after the date of entry of this Decree, the County shall send quarterly reports to the United States identifying any Charge of Discrimination of which the County has received notice and which was made by a management level employee of Clark County to a government agency based upon racial or sexual pay disparity and retaliation. The

first report is due ninety (90) days after the date of entry of this Decree, with a report due every ninety (90) days thereafter until the dissolution of this Decree. In the report, the County shall identify the date of receipt and nature of the complaint.

## VII. DISPUTE RESOLUTION

12. The parties shall attempt to resolve informally any dispute that may arise under this Decree. If the parties are unable to resolve the dispute expeditiously, either party may move the Court for a resolution of the issue upon ten (10) business days of written notice to the other party.

## VIII. MODIFICATION OF THE DECREE

13. This Decree constitutes the entire agreement and commitments of the parties. The parties may jointly agree to modifications of this Decree with the approval of the Court.

## IX. JURISDICTION OF THE COURT

14. The Court shall maintain jurisdiction over this case throughout the duration of this Decree for the purpose of enforcing the terms of the Decree as well as resolving any disputes between the parties with respect to the terms or implementation of the Decree.

## X. TERMINATION DATE

15. This Decree will expire without further order of the Court twenty-four (24) months after the effective date of the Decree.

## XI. GENERAL PROVISIONS

16. If any provision of this Decree is found to be unlawful, only the specific provision in question shall be affected and the other provisions shall remain in full force and effect.

17. Each party shall bear its own costs, expenses, and attorney's fees in this action, including the costs of compliance or monitoring.

18. All documents required to be delivered under this Decree to the United States shall be sent to the following address:

>   Antoinette Barksdale
>   Senior Trial Attorney
>   Employment Litigation Section
>   Civil Rights Division
>   U.S. Department of Justice
>   601 D Street, N.W., Room 4032
>   Washington, D.C. 20579

Dated this 15th day of January, 2015.

Respectfully submitted,

/s/ Antoinette Barksdale
DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION

VANITA GUPTA, ESQ.
DELORA L. KENNEBREW, ESQ.
SHARYN A. TEJANI, ESQ.
ROBERT GALBREATH, ESQ.
ANTOINETTE BARKSDALE, ESQ.

Attorneys for Plaintiff
United States of America

/s/ Patrick H. Hicks
LITTLER MENDELSON, P.C.

PATRICK H. HICKS, ESQ.
MATTHEW T. CECIL, ESQ.

Attorneys for Defendant
Clark County

IT IS SO ORDERED.

Dated: _____, 2015.

_____
UNITED STATES DISTRICT COURT JUDGE